IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| HOLLY C. PHILLIPS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) NO. 1:20-cv-00033[1] |
| v. | ) |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA FBI, | ) MAGISTRATE JUDGE HOLMES |
| DR. PHIL MCGRAW, CHRIS | ) |
| CHILDERS, AMANDA SMITH, and | ) |
| JOSH RITTER, | ) |
| | ) |
|   Defendants. | ) |

## MEMORANDUM

Holly C. Phillips, a resident of Lewisburg, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (hereinafter "*Bivens*"), against the "United States of America FBI," Dr. Phil McGraw, Chris Childers, Amanda Smith, and Josh Ritter. (Doc. No. 1).

### I. SCREENING STANDARD

Because Plaintiff is proceeding as a pauper in this action, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009),

---

[1]     This case was opened as No. 3:20-cv-00452 in the Nashville Division of the United States District Court for the Middle District of Tennessee and, by Order entered on June 9, 2020, was transferred to the Columbia Division of the United States District Court for the Middle District of Tennessee. (Doc. No. 3).

1

and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## II. SECTION 1983 AND *BIVENS* STANDARDS

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and *Bivens*. (Doc. No. 1 at 1). To state a claim under Section 1983, a plaintiff must allege and show: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under Section 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In *Bivens*, the United States Supreme Court created a private right of action for damages against officials acting under color of federal law when they are alleged to have violated a citizen's constitutional rights. 403 U.S. at 389. "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (1996).

### III. ALLEGED FACTS

The complaint alleges that, for the past eighteen years, the Lewisburg Police Department has planted "illegal bugs/wires" in Plaintiff's "home, car, or rental." (Doc. No. 1 at 4). Plaintiff believes that "[t]here have been subliminal messages directed towards" her through "Twilight, Meet the O'Reilys, Speak, Wayward Pines, Blindspot, The Hunger Games, and Suicide Squad." (*Id.*) These messages cause "ringing and popping in [her] ears with room spinning headaches." (*Id.*) In addition, Plaintiff states that she is being "held in captivity with small ropes against her will and life pathways." (*Id.* at 5). She further states that she is "being gambled by authority" and used in "sex and human trafficking." (*Id.*) According to Plaintiff, she has a "dead 3rd trimester infant inside of [her] body due to authority giving background information." (*Id.*) The complaint does not identify who is responsible for these alleged acts.

As relief, Plaintiff seeks damages "to stabilize medicine, emotional state, and independence," a new driver's license, passport, a "Federal agreement or understanding," and "1-3 months of hired personnel for reentering society." (*Id.*) She also seeks "blood work on potassium def. used to give brain damage illuminating access to potassium and magnesium." (*Id.*)

### IV. SCREENING OF THE COMPLAINT

The complaint names as Defendants the "United States of America FBI," Chris Childers, Amanda Smith, Josh Ritter, and Dr. Phil McGraw.

**A. Defendant "United States FBI"**

3

First, the complaint names "the United States FBI" as a Defendant. "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The United States can be sued only to the extent it has waived its sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). The United States has not waived sovereign immunity as to damages claims for constitutional violations and, therefore, cannot be sued for monetary damages in this action. *See Coe v. United States*, No. 16-3006-STA-egb, 2018 WL 4374219, at *2 (W.D. Tenn. Sept. 13, 2018) (construing prisoner's claims against the United States brought under Section 1983 as *Bivens* claims and dismissing claims due to sovereign immunity) (citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities)).

In any event, the complaint clearly attributes the alleged illegal wiretapping and "bugging" to the Lewisburg Police Department, not the FBI. [2] The complaint does not explain what role the United States and/or FBI has played or is playing in the allegations of the complaint. The Court

---

[2] The complaint does not name the Lewisburg Police Department as a Defendant to this action. In a previous case filed by Plaintiff, she sued the Lewisburg Police Department for its alleged illegal wiretapping and surveillance, among other allegations. *See Holly C. Phillips v. Lewisburg Police Dep't, et al.,* No. 1:20-cv-00020 (Campbell, J.). The Court dismissed that case, finding that Plaintiff failed to state claims upon which relief can be granted under Section 1983 against the Lewisburg Police Department. (*Id*., Docs. No. 7 and 8).

4

therefore finds that the complaint fails to state claims under Section 1983 and *Bivens* against Defendant "United States FBI."

## B. Defendants Ritter, Childers, and Smith

With respect to Josh Ritter, Plaintiff lists his name only in the caption on page one of the complaint. (Doc. No. 1 at 1). Ritter is not listed under the "Defendants" section or in the narrative of the complaint.

The complaint does not identify Chris Childers's job or his specific role in the events alleged. In the section of the complaint where Plaintiff identifies Childers as a Defendant, Plaintiff notes in the margin: "(Rights not to be stalked, trafficked, mutilated to stop, excessive force, right to stop environment and med[)]." (*Id.* at 3). However, Childers is not mentioned in the narrative of the complaint, and Plaintiff does not allege that he stalked, trafficked, mutilated, medicated her, or used excessive force against her. Neither does the complaint allege that Childers is or was employed as an officer of the Lewisburg Police Department, or is or was acting as an agent of the FBI or United States. The complaint indicates only that he resides in Lancaster, Pennsylvania. (*Id.* at 3).

As for Amanda Smith, the complaint does not allege where she resides, what her job is, or what her role was in the events alleged in the complaint. (*Id.*) In the section of the complaint where Plaintiff identifies Smith as a Defendant, she notes in the margin: "(Rights to privacy, health, consent, and not to be followed or to make money holding me captive with the Lewisburg Police Department or abusing authority." (Doc. No. 1 at 3). However, Smith is not mentioned in the narrative of the complaint, and Plaintiff does not allege that Smith engaged in acts that violated Plaintiff's privacy, health, or right to consent. Neither does the complaint allege that Smith is or

was employed as an officer of the Lewisburg Police Department, is or was acting as an agent of the FBI or United States, or is or was holding Plaintiff captive.

A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *see Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982), and Plaintiff has not alleged any specific personal involvement by these Defendants in the events described in the complaint. Further, Plaintiff has not alleged that these Defendants acted under color of state or federal law. Therefore, Plaintiff's allegations against Defendants Ritter, Childers, and Smith fail to state Section 1983 and *Bivens* claims upon which relief can be granted.

## C. Defendant Dr. McGraw

In the section of the complaint where Plaintiff identifies Dr. McGraw as a Defendant, she notes in the margin: "DL rights to have money, consent, privacy, GPS signal, and not being a subject to human trafficking, rights to adulthood, emotional state, and pregnancy in country other than USA) (Rights to remove dead fetus bone fragments, Rights to one's one life and pathway)." (*Id*. at 2). However, Plaintiff does not allege in the narrative of the complaint that Dr. McGraw was involved in any of these alleged harmful acts. The complaint does not allege any personal involvement by Dr. McGraw in the allegations set forth by Plaintiff. Neither does the complaint allege that Dr. McGraw acted under color of state or federal law with respect to any actions taken by him that harmed Plaintiff. Plaintiff alleges only that Dr. McGraw "can be put under oath" to corroborate the allegations of the complaint. (Doc. No. 1 at 3). This allegation in insufficient to sustain liability under Section 1983 or *Bivens*.

Additionally, in a previous lawsuit brought by Plaintiff in this Court, she sued Dr. McGraw under Section 1983, alleging that he "sexually, emotionally, and physically impacted [Plaintiff's] life." *Holly C. Phillips v. Lewisburg Police Dep't, et al.,* No. 1:20-cv-00020 (Doc. No. 1 at 5)

6

Case 1:20-cv-00033   Document 6   Filed 08/19/20   Page 6 of 8 PageID #: 80

(Campbell, J.). Plaintiff also alleged that Dr. McGraw, along with the local police, allowed Plaintiff's "ex brother in law to draw money from it while keeping [Plaintiff] held against [her] will" and allowed "an abuser to practice medicine on [her]." (*Id.*) That complaint "seemed to suggest that Dr. McGraw played a role in forcing Plaintiff to become pregnant, or to terminate her pregnancy, leaving 'bone fragments' of a fetus inside Plaintiff." (*Id.*, Doc. No. 5 at 3). The Court dismissed Plaintiff's claims against Dr. McGraw, finding that they failed to state claims under Section 1983 upon which relief can be granted. (*Id.*, Doc. Nos. 7 and 8). To the extent that Plaintiff attempts to relitigate those claims in this action, she is barred by the doctrine of issue preclusion from doing so. *See Gen. Elect. Med. Sys. Europe v. Prometheus Health*, 394 Fed. App'x 280, 283 (6th Cir. 2010) (setting forth the elements of issue preclusion).

Furthermore, Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989) (providing as an example "claims describing fantastic or delusional scenarios, claims which with federal district judges are all too familiar."). The Court finds that the allegations of the complaint are frivolous, and the complaint fails to allege concrete facts that state a plausible cause of action over which this Court may exercise jurisdiction. On that basis, too, Plaintiff's Section 1983 and/or *Bivens* claims against all Defendants fail as a matter of law.

## V. CONCLUSION

The Court has conducted an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and finds that the complaint fails to state claims upon which relief may be granted under 42 U.S.C. § 1983 and *Bivens*. Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE